UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.  5:14CV2649 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CASTRO, et al., | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

Before the Court is a filing by Defendant Karina Ayala Cerecedo, aka Karina Ayala Cercado, pro se, requesting that the Court set aside a default judgment issued in the above-captioned case on July 9, 2015. ECF Dkt. #s 24, 26. The Court construed that filing as a motion for reconsideration or a motion to set aside the default judgment against Plaintiff. ECF Dkt. #27. Plaintiff J&J Sports Productions, Inc. ("Plaintiff") has filed a brief in opposition to Defendant's request. ECF Dkt. #29. For the following reasons, the Court DENIES Defendant's motion for reconsideration or motion to set aside the default judgment. ECF Dkt. #26.

**A.      FACTS AND PROCEDURAL HISTORY**

On July 8, 2015, Plaintiff filed a motion for default judgment against Defendant asserting that she had been properly served with a copy of the amended complaint and had failed to answer or otherwise respond to the amended complaint. ECF Dkt. #23-4. Plaintiff alleged in its amended complaint that Defendant, an officer of Mariachi of Jackson, Inc., unlawfully intercepted and intentionally broadcasted the Manny Pacquiao v. Juan Manuel Marquez IV Championship Fight Program of December 8, 2012 ("the Program") for direct or indirect commercial advantage in violation of Section 605 of the Federal Communications Act of 1934, Title 47, as amended, and

Section 553 of Title 47 and accompanying telecommunications statutes. ECF Dkt. #16. Plaintiff also alleged a count of conversion against Defendant. *Id*. at 8.

On June 18, 2015, Plaintiff applied to the Clerk of Courts for entry of default against Defendant. ECF Dkt. #21. The Clerk entered default on the same date. ECF Dkt. #22. On July 8, 2015, Plaintiff filed a motion for default judgment against Defendant in this Court. ECF Dkt. #23. On July 9, 2015, the Court entered default judgment against Defendant in favor of Plaintiff for violating 47 U.S.C. §553 and 605 and for conversion. ECF Dkt.#24.

On July 16, 2015, Defendant pro se filed the instant motion, asserting that she did not receive service of the amended complaint and she was not working in the Mariachi after August 2012 and thus was not there in December of 2012 when the Program was allegedly aired. ECF Dkt. #26. On July 17, 2015, Plaintiff filed a brief in opposition to Defendant's motion. ECF Dkt. #29. On September 10, 2015, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #35.

On October 28, 2015, the undersigned held a status conference and hearing on Defendant's motion for reconsideration/motion to set aside the default judgment. Prior to beginning the hearing, Defendant, through counsel, indicated that she did not wish to go forward with the hearing and she admitted that she received personal service of the amended complaint, the entry of the default judgment against her, and the order granting default judgment against her.

**B**.    **LAW AND ANALYSIS**

 "Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1998)(quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994)). "To be sure, 'a court can always take a second look' at

-2-

a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.'" *Id.*(quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1407). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *Id.* (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1408). Where a party views the law in a light contrary to that of this Court, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'"  *Id.*(quoting *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991)).

Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990). The Sixth Circuit has determined that a court should grant a motion for reconsideration only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to re-argue a case, but rather is aimed at reconsideration, not initial consideration. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Parties should not file motions for reconsideration to relitigate issues that the Court has already considered or to raise arguments which could and should have been made before the issuance of judgment. *See id.*

Based upon Defendant's admission to receipt of service of the amended complaint and her receipt of the notice of the entry of default, the Court DENIES her motion for

-3-

reconsideration/motion to set aside the default judgment. ECF Dkt. #26. Accordingly, the Court's July 9, 2015 Judgment Entry stands and IT IS HEREBY ORDERED AND ADJUDGED that JUDGMENT be, and is hereby, entered against Karina Ayala Cercedo, aka Karina Ayala Cercado, individually and as the alter ego of Mariachi Locos Mexican Restaurant, in favor of J & J Sports Productions, Inc., as follows:

> a. 47 U.S.C. § 605(e)(3)(C)(i) and (C)(iii) . . . . . . . . . . . . . . . . . . . . $ 25,000.00
>
> b. 47 U.S.C. § 553(c)(3)(A)(ii) and (c)(3)(B) . . . . . . . . . . . . . . . . . $ 15,000.00
>
> c. Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,475.00
>
> d. Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   495.00
>
> TOTAL:. . . . . . . . . . . . . . . . .$43,970.00

*See* ECF Dkt. #24.

IT IS SO ORDERED.


Dated: October 28, 2015                                           /s/George J. Limbert
                                                            GEORGE J. LIMBERT
                                                            U.S. MAGISTRATE JUDGE